UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS ALLEN WARE,<br><br>             Petitioner,<br><br>     v.<br><br>R. L. GOWER,<br><br>             Respondent. | No.  2:13-cv-0979 KJM KJN P<br><br><br>FINDINGS & RECOMMENDATIONS |

I. Introduction

Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his 2011 conviction for false imprisonment (Cal. Penal Code § 236), with an enhancement for great bodily injury (Cal. Penal Code § 12022.7(e)).  Petitioner is serving a sentence of 15 years, 8 months.

This action proceeds on the original petition as to the following claims:  1) insufficient evidence; 2) jury instruction error; and 3) Equal Protection violation.  After carefully considering the record, the undersigned recommends that the petition be denied.

////

////

////

1

II. <u>Standards for a Writ of Habeas Corpus</u>

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. See <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991); <u>Park v. California</u>, 202 F.3d 1146, 1149 (9th Cir. 2000).

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at different result. <u>Early v. Packer</u>, 537 U.S. 3, 7 (2002) (citing <u>Williams v. Taylor</u>, 529 U.S. 362, 405-06 (2000)).

Under the "unreasonable application" clause of section 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. <u>Williams</u>, 529 U.S. at 413. A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." <u>Id.</u> at 412; see also <u>Lockyer v. Andrade</u>, 538 U.S. 63, 75 (2003) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'") (internal citations omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded

jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 131 S. Ct. 770, 786 (2011).

The court looks to the last reasoned state court decision as the basis for the state court judgment. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002). If there is no reasoned decision, "and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Harrington, 131 S. Ct. at 784-85. That presumption may be overcome by a showing that "there is reason to think some other explanation for the state court's decision is more likely." Id. at 785 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)).

"When a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits – but that presumption can in some limited circumstances be rebutted." Johnson v. Williams, 133 S. Ct. 1088, 1096 (Feb. 20, 2013). "When the evidence leads very clearly to the conclusion that a federal claim was inadvertently overlooked in state court, § 2254(d) entitles the prisoner to" de novo review of the claim. Id., at 1097.

Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, the federal court conducts an independent review of the record. "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). Where no reasoned decision is available, the habeas petitioner has the burden of "showing there was no reasonable basis for the state court to deny relief." Harrington, 131 S. Ct. at 784. "[A] habeas court must determine what arguments or theories supported or, . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." Id. at 786.

////

////

III. <u>Factual Background</u>

The opinion of the California Court of Appeal contains a factual summary. After independently reviewing the record, the undersigned finds this summary to be accurate and adopts it herein.

> Charged with infliction of corporal injury on a cohabitant (count one), false imprisonment (count two), and dissuading a victim (count three), defendant was convicted of false imprisonment after the prosecution dismissed count three and the trial court declared a mistrial on count one.
>
> *****
>
> The victim, Tina Davis, lived with defendant after he was released on parole in 2009, and planned to marry him. On March 6, 2010, they argued, and Davis left to go to her cousin's house. She came back the following morning and apologized, but told him that she wanted to break up. She was in her bedroom. He demanded the keys to her car, but she refused. She started to walk out of the room, then realized she had left her cell phone. She went back in the room to get the phone.
>
> Defendant tried to grab the phone from her. They started wrestling over the phone. They ended up on the bed. She had the phone behind her back. He put his hand over her mouth and nose so that she could not breathe. Davis could not tell how long he was suffocating her, but it was long enough for her to start seeing scenes flash before her. She kept looking at his eyes, which were bloodshot, and he was mad. Davis remembered thinking that her son was going to come home and find her dead.
>
> All of a sudden, Davis's arm popped and defendant jumped up off of her, realizing he had gone too far. Davis started screaming and told him to call an ambulance. Defendant wanted to know what she would tell them, because he did not want to go to jail. She agreed to say she got in a fight with her girlfriend.
>
> Davis suffered a broken humerus, which is the bone in the upper arm. She returned home with defendant, but she was afraid of him, so she left to live with her cousin on March 11. She called the police that day to report the incident.
>
> The trial court sentenced defendant to a total term of 15 years 8 months. All but two years and eight months of the sentence were attributable to enhancements for prior convictions and for infliction of great bodily injury.

<u>People v. Ware</u>, 2012 WL 5395220 at *1 (2012).

////

////

IV. Opinion by California Court of Appeal

The California Court of Appeal addressed all three of petitioner's claims as set forth herein:

> False imprisonment is defined by statute as "the unlawful violation of the personal liberty of another." (Pen.Code, § 236.)1 It is a felony if it is "effected by violence, menace, fraud, or deceit." (§ 237, subd. (a).) The jury was instructed in this case: "To prove that the defendant is guilty of this crime, the People must prove that: One, the defendant intentionally restrained or confined someone by violence or menace; and, two, the defendant made the other person stay or go somewhere against that person's will."
>
> "The elements of a tortious claim of false imprisonment are: (1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief." (Easton v. Sutter Coast Hospital (2000) 80 Cal.App.4th 485, 496.) Defendant focuses on the duration of the restraint, and citing the tort definition of false imprisonment insists: (1) the jury should have been instructed as to the duration element of the offense, (2) there was insufficient evidence of restraint or that the restraint lasted an appreciable time, and (3) if there is no duration element to the crime, his Fourteenth Amendment and equal protection rights were violated.
>
> Webster's Third New International Dictionary (1981) page 105 defines "appreciable" to mean "capable of being perceived and recognized." Defendant's mistake is in equating an "appreciable period of time, however brief" with a requirement that the restraint last a considerable period of time. There is no durational requirement to false imprisonment, but rather a limit on its brevity. The tort definition is a recognition that the brevity of the restraint resulting in a false imprisonment is limited only by the victim's perception. It is a recognition of how short is too short. Even if the duration of the restraint is very brief, a false imprisonment has occurred if the restraint lasts long enough for the victim to understand that he or she is being restrained.
>
> The elements of a tortious claim of false imprisonment were set forth in City of Newport Beach v. Sasse (1970) 9 Cal.App.3d 803, 810, which cited 1 Harper & James, Torts (1956) page 226, and Restatement Second of Torts, section 35. Restatement Second of Torts, explains that a person is subject to liability for false imprisonment if the victim "is conscious of the confinement or is harmed by it." (Rest.2d Torts, § 35.) Conversely, the Restatement states that there is no liability for false imprisonment "unless the person physically restrained knows of the confinement or is harmed by it." (Rest.2d Torts, § 42.) We do not hold that California law requires the person physically restrained to know of the confinement or be harmed by it. (See Scofield v. Critical Air Medicine, Inc. (1996) 45 Cal.App.4th 990, 1003 [contemporaneous awareness is not an essential element of the tort].) However, the restraint must not be so brief that the victim does not know he or

she is being restrained.

Defendant argues the trial court was required to instruct the jury that the restraint must last an appreciable length of time because this is an element of the offense. Defendant's claim of instructional error fails because the duration of the restraint is not an element of the crime. The instruction given to the jury required a finding that the defendant made the victim stay or go somewhere against her will. This finding necessarily meant that the jury also found Davis's restraint lasted long enough for her to perceive it. Had she not perceived she was being restrained, the jury could not have found that she was being made to stay somewhere against her will.

Defendant also argues there was insufficient evidence that the restraint lasted an appreciable length of time. As previously explained, the requirement that the person be confined for an "appreciable period of time" is not a requirement that the confinement or restraint last any particular length of time. It is instead a recognition that no false imprisonment has occurred unless it lasts long enough for the victim to appreciate that he or she has been detained for any period, however brief.

In this case Davis perceived that defendant was on top of her on the bed, pushing her into the bed and suffocating her by covering her mouth and nose with his hand. She perceived that he held her long enough that she started "seeing scenes flash before" her. Defendant's actions lasted long enough for her to appreciate that she was not free to get up and leave. This evidence was sufficient to prove that the restraint, however brief, was "appreciable." Therefore, defendant's claim the evidence was insufficient to show the restraint lasted an appreciable length of time fails.

Defendant also argues there was insufficient evidence to show that he prevented Davis from leaving the bed. He claims Davis never testified she was unable to leave her bed, or that defendant prevented her from leaving. The evidence cited above (i.e., the fact that defendant was on top of her, pushing her into the bed and suffocating her, and that she thought she was going to die) provided evidence from which the jury could reasonably infer that Davis was unable to leave her bed, and that the inability was against her will. "Substantial evidence includes circumstantial evidence and the reasonable inferences flowing therefrom." (People v. Dooley (2010) 189 Cal.App.4th 322, 326.)

 Finally, there is no merit to defendant's claim that a criminal conviction for false imprisonment is based upon a less stringent standard than a tortious false imprisonment because a criminal conviction does not require that the imprisonment last an appreciable length of time. As indicated, this element, which applies to both crimes and torts, is simply a recognition that the restraint last long enough for the victim to perceive it. The Penal Code definition of false imprisonment applies in both civil and criminal actions. (Fermino v. Fedco, Inc. (1994) 7 Cal.4th 701, 715.)

> Defendant is simply wrong that the civil cases have determined that a detention must last 15 minutes, or at least be more than momentary. In Fermino v. Fedco, supra, 7 Cal.4th at page 715, the court cited Alterauge v. Los Angeles Turf Club (1950) 97 Cal.App.2d 735, 736, where the detention lasted 15 minutes, and stated that the length of the detention can be as brief as 15 minutes. However, in Fermino v. Fedco the plaintiff was detained for more than an hour. (Fermino v. Fedco, supra, at p. 707.) Neither this statement by the Supreme Court, nor its repetition by other courts may be interpreted as holding that the minimum length of the detention is 15 minutes

People v. Ware, 2012 WL 5395220 at * 1-3.

The opinion by the California Court of Appeal was the last, reasoned state court opinion addressing petitioner's claims. Accordingly, the undersigned applies the AEDPA standard set forth above to the opinion by the California Court of Appeal. See Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004) ("When applying [AEDPA], the federal court should review the last reasoned decision by a state court....") (internal quotation marks omitted).

V.   Discussion

   A.   Insufficient Evidence

   *Legal Standard*

When a challenge is brought alleging insufficient evidence, federal habeas corpus relief is available if it is found that upon the record evidence adduced at trial, viewed in the light most favorable to the prosecution, no rational trier of fact could have found "the essential elements of the crime" proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). Jackson established a two-step inquiry for considering a challenge to a conviction based on sufficiency of the evidence. U.S. v. Nevils, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc). First, the court considers the evidence at trial in the light most favorable to the prosecution. Id., citing Jackson, 443 U.S. at 319. "'[W]hen faced with a record of historical facts that supports conflicting inferences,' a reviewing court 'must presume-even if it does not affirmatively appear in the record-that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" Id., quoting Jackson, 443 U.S. at 326.

////

"Second, after viewing the evidence in the light most favorable to the prosecution, a reviewing court must determine whether this evidence, so viewed is adequate to allow 'any rational trier of fact [to find] the essential elements of the crime beyond a reasonable doubt.'" Id., quoting Jackson, 443 U.S. at 319. "At this second step, we must reverse the verdict if the evidence of innocence, or lack of evidence of guilt, is such that all rational fact finders would have to conclude that the evidence of guilt fails to establish every element of the crime beyond a reasonable doubt." Id.

Put another way, "a reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." Cavazos v. Smith, 132 S. Ct. 2, 4 (2011). Sufficiency of the evidence claims in federal habeas proceedings must be measured with reference to substantive elements of the criminal offense as defined by state law. Jackson, 443 U.S. at 324 n.16.

"Jackson leaves juries broad discretion in deciding what inferences to draw from the evidence presented at trial," and it requires only that they draw "'reasonable inferences from basic facts to ultimate facts.'" Coleman v. Johnson, 132 S. Ct. 2060, 2064 (2012) (per curiam) (citation omitted). "'Circumstantial evidence and inferences drawn from it may be sufficient to sustain a conviction.'" Walters v. Maass, 45 F.3d 1355, 1358 (9th Cir. 1995) (citation omitted).

Superimposed on these already stringent insufficiency standards is the AEDPA requirement that even if a federal court were to initially find on its own that no reasonable jury should have arrived at its conclusion, the federal court must also determine that the state appellate court not have affirmed the verdict under the Jackson standard in the absence of an unreasonable determination. Juan H. v. Allen, 408 F.3d 1262 (9th Cir. 2005). Because this claim is governed by the AEDPA, this court owes a "double dose of deference" to the decision of the state court. Long v. Johnson, 736 F.3d 891, 896 (9th Cir. 2013) (quoting Boyer v. Belleque, 659 F.3d 957, 960 (9th Cir. 2011)).

////

////

////

*Analysis*

Petitioner argues that his conviction for false imprisonment is not supported by sufficient evidence. Petitioner argues that the California Court of appeal erred in finding that the duration of the restraint is not an element of false imprisonment. Petitioner also argues that there was insufficient evidence that the victim was restrained for an appreciable length of time. Petitioner also argues that there was insufficient evidence that he prevented the victim from leaving the bed. The undersigned summarizes the relevant testimony herein.

The victim testified that when she returned to her bedroom to retrieve her phone, petitioner tried to take the phone from her. (RT at 76.) Petitioner kept coming toward the victim as she backed up. (Id. at 76.) Petitioner and the victim wrestled over the phone and ended up on the bed. (Id. at 77.) The victim was lying on her back with her arm behind her back, holding the phone. (Id. at 78.) The victim testified,

> I don't recall exactly from that point to the bed. Just the next thing I knew was that I was on top of –I was laying back on the bed and he had his hand over my face and he was putting pressure and I was still fighting for him not to get the phone. And I got to where I was – couldn't breath and –

(Id.)

The victim could not remember where petitioner's body was positioned over her. (Id. at 79.) However, she remembered that his face was over her. (Id.) She could tell that petitioner was angry because his eyes were bloodshot red. (Id.) The victim remembered thinking that her son was going to come home and find her dead. (Id.) The victim testified that petitioner had her mouth and nose covered up with his right hand, because he was still trying to get the phone with his left hand. (Id.) Then, all of a sudden, her arm popped and petitioner jumped off of the victim and "he realized it had gone too far." (Id.)

The victim testified that she could not tell how long petitioner had his hand on her face. (Id. at 80.) However, it was long enough "for me to start seeing scenes flash before me. And then it was kind of quiet for a minute and just remembering that my son was going to come home and find me dead, and I realized I was in a lot of trouble now." (Id.)

////

1    The undersigned first considers petitioner's claim that the California Court of Appeal
2 erred in finding that the duration of the offense is not an element of false imprisonment. As
3 discussed above, the California Court of Appeal found that the restraint must last for an
4 appreciable length of time, i.e., long enough for the victim to perceive the restraint, however
5 brief. The California Court of Appeal rejected petitioner's claim that the restraint must last any
6 particular length of time, i.e., there is no duration requirement. This interpretation of the law is
7 consistent with holdings by other California courts considering the same issue. See People v.
8 Gossett, 2013 WL 6620679 at *5 (2013) (two minute restraint was appreciable length of time for
9 false imprisonment; rejecting argument that duration of confinement must be considered); People
10 v. Callier, 2010 WL 550700 at *4 (2010) (citations omitted) ("The false imprisonment statute
11 does not contain a duration requirement…The restraint necessary for false imprisonment must
12 last 'for any "appreciable … time, however short."'").
13    A federal court sitting in habeas review is "bound to accept a state court's interpretation of
14 state law, except in the highly unusual case in which the interpretation is clearly untenable and
15 amounts to a subterfuge to avoid federal review of a constitutional violation." Butler v. Curry,
16 528 F.3d 624, 642 (9th Cir. 2008) (quotation omitted). The California Court of Appeal's finding
17 that a conviction for false imprisonment requires that the restraint be for an appreciable length of
18 time, rather than for any specific duration, is not a subterfuge to avoid federal review of a
19 constitutional violation. Accordingly, this court is bound by the California Court of Appeal's
20 interpretation of state law.
21    Petitioner next argues that there was insufficient evidence that he restrained the victim for
22 an appreciable length of time.
23    While it is not clear how long petitioner held the victim down on the bed, with his hand
24 over her mouth and nose, it was long enough for her to "see scenes flash" before her, and for her
25 to worry about her son finding her dead. Based on this evidence, a reasonable jury could find that
26 the victim was restrained for an appreciable length of time. Although the victim was only briefly
27 restrained, the evidence clearly demonstrated that the victim perceived that she was being
28 restrained. See Marcos H., 2003 WL 7705 at * 2 (2003) (holding victim by the wrist for ten

seconds, during which time victim could not break free, was sufficient evidence of false imprisonment)[1] ; People v. Straight, 230 Cal.App.3d 1372 (1991) (Sufficient evidence of appreciable length of time where the defendant came up behind a woman walking in a shopping center, pressed himself against her back, covered her mouth with one hand and placed the other on her breast and vagina area. The victim struggled, and the defendant told her twice to be quiet. The defendant then forced the victim two or three steps toward an alley. The victim was able to free her mouth and yelled. The defendant let go and ran.)

Petitioner also argues that there was insufficient evidence to show that he prevented the victim from leaving the bed, i.e., that the victim was actually restrained.  As discussed above, the victim testified that petitioner put his hand over her nose and mouth to the point where she could not breathe.  The victim also testified that she was worried that her son would come home and find her dead.  From this testimony, a reasonable jury could infer that petitioner prevented her from leaving the bed.

The denial of petitioner's claims alleging insufficient evidence by the California Court of Appeal was not an unreasonable application of clearly established Supreme Court authority. Accordingly, these claims should be denied.

B.  Jury Instruction Error

*Legal Standard*

Generally, claims of instructional error are questions of state law and are not cognizable on federal habeas review.  "It is not the province of a federal court to reexamine state court determinations of state law questions."  Estelle v. McGuire, 502 U.S. 62, 71-72 (1991).  "The fact that a jury instruction violates state law is not, by itself, a basis for federal habeas corpus relief." Clark v. Brown, 450 F.3d 898, 904 (9th Cir. 2006).

To prevail in a collateral attack on state court jury instructions, a petitioner must do more than prove that the instruction was erroneous.  Henderson v. Kibbe, 431 U.S. 145, 154 (1977).

---

[1]  Marcos H., supra, involved a conviction for misdemeanor false imprisonment.  However, the court's reasoning in that case that ten seconds of restraint was sufficient evidence of false imprisonment is equally applicable to a felony conviction for false imprisonment.

11

Instead, the petitioner must prove that the improper instruction "by itself so infected the entire trial that the resulting conviction violated due process." Estelle, 502 U.S. at 72.  Even if there were constitutional error, habeas relief cannot be granted absent a "substantial and injurious effect" on the verdict.  Brecht v. Abrahamson, 507 U.S. 619, 637 (1993).  If the court is convinced that the error did not influence the jury, or had little effect, the judgment should stand. O'Neal v. McAninch, 513 U.S. 432, 437 (1995).

A federal court's review of a claim of instructional error is highly deferential.  Masoner v. Thurman, 996 F.2d 1003, 1006 (9th Cir. 1993).  A reviewing court may not judge the instruction in isolation, but must consider the context of the entire record and of the instructions as a whole. Id.  The mere possibility of a different verdict is too speculative to justify a finding of constitutional error.  Henderson, 431 U.S. at 157.

Where a petitioner claims that an instruction was erroneously omitted, the petitioner bears an "especially heavy burden" because an omitted or incomplete instruction is less likely to be prejudicial than a misstatement of the law.  Villafuerte v. Stewart, 111 F.3d 616, 624 (9th Cir. 1997).

*Analysis*

Petitioner argues that the trial court erred by failing to instruct the jury that the restraint must last an appreciable length of time because this is an element of the offense.  The jury received the following instruction regarding false imprisonment:

> The defendant is charged in Count Two with false imprisonment by violence or menace in violation of Penal Code section 236.
>
> To prove that the defendant is guilty of this crime, the People must prove that:
>
> 1. The defendant intentionally restrained or confined someone by violence or menace;
>
> AND
>
> 2. The defendant made the other person stay or go somewhere against that person's will.
>
> Violence means using physical force that is greater than the force reasonably necessary to restrain someone.

> Menace means a verbal or physical threat of harm. The threat of harm may be express or implied.
>
> An act is done against a person's will if that person does not consent to the act. In order to consent, a person must act freely and voluntarily and know the nature of the act.
>
> False imprisonment does not require that the person restrained be confined in jail or prison.

(Court Reporter's Transcript ("CT") at 154.)

As discussed above, the California Court of Appeal found that the instructions necessarily required the jury to find that the victim's restraint was for an appreciable length of time.

The undersigned need not determine whether the trial court erred by failing to instruct the jury that the restraint must be for an appreciable length of time because any failure to do so was harmless. The failure to instruct the jury that the restraint must last an appreciable length of time was harmless because there was sufficient evidence, as discussed above, that petitioner restrained the victim for an appreciable length of time. In other words, the outcome of the verdict would not have been different had the jury been instructed that the restraint must last for an appreciable length of time. Neder v. United States, 527 U.S. 1, 18 (1999) (an error in misdescribing or omitting an element of the offense in a jury instruction is harmless if it is "clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error."). For this reason, petitioner's jury instruction claim is without merit.

### C. Equal Protection

Petitioner argues that a criminal conviction for false imprisonment is based on a less stringent standard than the tort of false imprisonment in violation of his right to Equal Protection.

As discussed above, the California Court of Appeal found that the length of detention necessary to constitute the crime of false imprisonment is the same for the tort of false imprisonment. The California Court of Appeal found that both the crime and tort of false imprisonment require that the detention last for an appreciable length of time. This interpretation of state law by the California Court of Appeal is not a subterfuge to avoid federal review. Butler v. Curry, 528 F.3d 624, 642 (9th Cir. 2008) (quotation omitted). Accordingly, this court is bound by this interpretation of state law.

Because the crime and tort of false imprisonment both require that the detention last for an appreciable length of time, petitioner's Equal Protection claim is without merit.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 2, 2016

_KENDALL J. NEWMAN_
UNITED STATES MAGISTRATE JUDGE

Ware979.157